

FILED
MAY 11, 2009
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| BENJAMIN FRANKLIN SMITH, PRO SE, § <br> also known as § <br> BENJAMIN F SMITH, § <br> also known as § <br> BENJAMIN SMITH, § <br> County No. 63648, § <br> Previous TDCJ-CID # 579976, § <br> Previous TDCJ-CID # 482056, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> SONDA WILLIAMS, RONALD LACY, § <br> BRIAN THOMAS, § <br> POTTER COUNTY TEXAS, § <br> and NORTHWEST TEXAS HOSPITAL, § <br> § <br> Defendants. § | 2:09-CV-0096 |

### REPORT AND RECOMMENDATION OF PARTIAL DISMISSAL

Plaintiff BENJAMIN FRANKLIN SMITH, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

Plaintiff claims that he suffered a compound fracture in a fall sustained in April of 2008 which left him in a wheelchair and that the leg had not healed by the time of his arrest and incarceration in the Potter County Detention Center on March 15, 2009.

Plaintiff alleges that, after incarceration, x-rays of his fractured leg were ordered by defendant LACY and performed at defendant NORTHWEST TEXAS HOSPITAL. Plaintiff

says he was later informed by defendant WILLIAMS that his fracture was healed and his wheelchair and leg brace were being confiscated so he would walk on the leg.

Plaintiff alleges, "on information and belief, defendants WILLIAMS and LACY altered, modified and/or tampered with x-rays in some way from NORTHWEST TEXAS HOSPITAL then falsified the report and medical records."

Plaintiff maintains defendants THOMAS and POTTER COUNTY knew or should have known about the actions of defendants WILLIAMS and LACY, but did nothing.

Plaintiff further contends defendant NORTHWEST TEXAS HOSPITAL "acted in concert with and as agent of Potter County and [the] other defendants."

Plaintiff maintains defendants WILLIAMS and LACY violated Potter County Inmates Rules and Regulations governing medical care when they sent him to NORTHWEST TEXAS HOSPITAL and states the antibiotics he was on have been discontinued by the defendants. He says he now hops around on one leg.

Plaintiffs requests "emergency protection directing the defendants to return plaintiff's wheelchair and prohibiting them from taking it away until [the] case is resolved;" that plaintiff be transported to the Veteran's Hospital immediately for medical evaluation of his broken leg, and that he be awarded $20,000,000.00 in compensatory and punitive damages against each defendant.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of

process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff in his complaint to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Plaintiff alleges defendant NORTHWEST TEXAS HOSPITAL "acted in concert with and as agent of Potter County and [the] other defendants."  Nevertheless, plaintiff does not allege any act or omission by NORTHWEST TEXAS HOSPITAL except that x-rays were taken there on the order of the jail physician, defendant LACY.  Further, plaintiff alleges defendants WILLIAMS and LACY "altered modified and/or tampered with x-rays in some way from NORTHWEST TEXAS HOSPITAL then falsified the report and medical records."

It is clear plaintiff has alleged no wrongful act by defendant NORTHWEST TEXAS

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

HOSPITAL and has failed to state a claim of constitutional dimension against this defendant.

## CONCLUSION

Pursuant to Title 28, United States Code, sections 1915A and 28 U.S.C. 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Claims filed pursuant to Title 42, United States Code, section 1983, by plaintiff BENJAMIN FRANKLIN SMITH against defendant NORTHWEST TEXAS HOSPITAL be DISMISSED WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 11th day of May 2009.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).